# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**DONALD RAY LUCAS**                                                                           **PLAINTIFF**

**v.**                                                             **CIVIL ACTION NO. 3:06CV-219-S**

**LEWIS LAWSON** *et al.*                                                                      **DEFENDANTS**

### MEMORANDUM OPINION

This matter is before the Court for *sua sponte* screening of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons that follow, the instant action will be dismissed.

### I. SUMMARY OF CLAIMS

While incarcerated at the Kentucky State Reformatory ("KSR"), the plaintiff filed a *pro se* complaint.  As defendants he named the following persons:  Hardin County Jailer Lewis B. Lawson, Clerk Ms. T. Bailey, Nurse Chris, Captain Alan New, Lieutenant King, Governor Ernie Fletcher, Dr. Scott Hassa, Probation Officers Mike McCann and William Stone, all officers that work for the jail, and all staff that works at KSR CPTU.  He fails to specify in which capacity he sues the defendants.

The plaintiff claims that he was sent to KSR on April 12, 2006, on the orders of Defendant Jailer Lawson and that Defendants Clerk Bailey and Nurse Chris then "had Dr. Scott Hassa MD of Dept of Corrs send me to C.P.T.U. for psychological evaluation and stabilization." He claims that the foregoing occurrence "is lies on this safe keeper sta[tu]s they have done me like this in 1992 1997 2000 and 2006" and that it is "a violation of my civil right's to keep me unlawfully in prison in a prison without prison time."  He contends, "I'm only in jail on a P.V. hearing not new charges etc!  I've never been revoked yet!"  He alleges that he has done nothing

wrong and that "they keep putting the hearing off case they dont have a case on me!" He finally claims that "this is all lies and thy are all crooks and trying to cover it up by putting me here under safe keeper to make me look bad in the courts." As relief, he seeks release from KSR, for the defendants to lose their jobs, and $80.5 million in damages.

## II. STANDARD OF REVIEW

Because the plaintiff was a prisoner at the time he initiated this action and is also proceeding *in forma pauperis*, this Court must review the instant action prior to service on defendants. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### III. ANALYSIS

The plaintiff fails to set forth either this Court's jurisdiction or a cause of action under which he is proceeding. *See* Fed. R. Civ. P. 8(a) (requiring a complaint to contain a short and plain statement of the court's jurisdiction and of the claim showing that the pleader is entitled to relief). Notwithstanding this failure, even if the Court were to construe the complaint as asserting a cause of action arising under 42 U.S.C. § 1983, that § 1983 claim would fail.

Under § 1983, a plaintiff must demonstrate (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, the plaintiff only broadly alleges a violation of his civil rights and fails to identify a particular federal constitutional or statutory right which has been violated. He has thus failed to meet the first criterion.

#### A. State defendants

The plaintiff has further failed to meet the second criterion of a § 1983 claim with respect to the state defendants for damages. Because the plaintiff failed to plead the capacity in which he sues the defendants, the Court presumes, absent indication to the contrary, that all defendants

are being sued in their official capacities. *See Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001); *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991). State defendants sued in their official capacities for damages are not "persons" under § 1983, and they are further immune from suit under the Eleventh Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

### B. Hardin County defendants

As to the Hardin County defendants, the official capacity claims against them are actually against the municipality, Hardin County. When a § 1983 claim is made against a municipality, a plaintiff must "identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (citation omitted). In the instant case, the plaintiff has failed to allege the existence of a governmental policy or custom relative to the nature of his complaints and claims, and nothing in the record demonstrates that the alleged injuries to the plaintiff resulted from application of a county policy or custom.

### C. Claims for injunctive relief

As to the claims for injunctive relief, the plaintiff's request for immediate release from KSR is moot as he was returned to the Hardin County Detention Center ("HCDC") in May 2006, *see* DN 7, and was released from HCDC in June 2006. *See* DN 8; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). And the plaintiff's request that the defendants lose their jobs is not the type of relief contemplated under § 1983.

### D. Lack of specificity

In order to assert a cognizable §1983 claim, a plaintiff must allege specific facts. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The required facts must provide adequate detail to support the claim, such as specific incidents of deprivation of a plaintiff's rights, how each defendant was involved, the names of other persons involved, dates, and places. The specific facts must also explain how the plaintiff himself was personally injured by the challenged conduct or condition, *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986), and how each defendant is responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985).

Furthermore, a complaint filed under § 1983 must also show a causal connection between the named defendants and the alleged constitutional deprivation. A § 1983 complaint must allege that specific conduct by the defendants was the proximate cause of the constitutional injury. *King v. Massarweh*, 782 F.2d 825, 829 (9th Cir. 1986). "Congress did not intend § 1983 liability to attach where causation is absent." *Deaton v. Montgomery County*, 989 F.2d 885, 889 (6th Cir. 1993). To establish causation, a plaintiff must adduce "an affirmative link . . . [a] moving force that animated the behavior . . . that resulted in the constitutional violations alleged." *Id*. When the theory of causation is a matter of pure speculation and is nothing more than an hypothetical argument, the pleadings are insufficient to sustain a compensable § 1983 claim. *Horn by Parks v. Madison County Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994).

Defendants New, King, Fletcher, McCann, Stone, all officers that work for the jail, and all staff that works at KSR CPTU are listed only in the caption; the plaintiff fails to mention them elsewhere in the complaint. Because he fails to connect any wrongful conduct to those

defendants, the complaint is factually insufficient to state a cognizable claim against those defendants.

Because the plaintiff's complaint wholly fails to state a claim upon which relief may be granted, the Court will enter a separate order dismissing the instant action.

Date:

cc:    Plaintiff, *pro se*
       General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
       Hardin County Attorney
4411.005